J-S39021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN J. LUDOVICI, | |
| Appellant | No. 1576 MDA 2015 |

Appeal from the Order Entered August 20, 2015
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000923-2003

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 06, 2016**

Appellant, John J. Ludovici, appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as untimely, without a hearing.  The Commonwealth has filed a motion to quash which was deferred to this panel for disposition.  We affirm the dismissal of the PCRA petition, and deny the motion to quash as moot.

On October 20, 2004, a jury convicted Appellant of six counts of robbery, two counts of impersonating a public servant (a police officer), one count of recklessly endangering another person, one count of fleeing and attempting to elude police, and one count of escape.  On January 12, 2005,

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant received a sentence of not less than sixty-six years' and three months' nor more than one hundred and thirty-five years' incarceration. The trial court denied post sentence motions. This Court affirmed the judgment of sentence. Our Supreme Court denied allowance of appeal, on August 29, 2006. *See Commonwealth v. Ludovici*, 898 A.2d 1130 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 906 A.2d 540 (Pa. 2006).

Appellant previously filed two unsuccessful PCRA petitions. On April 1, 2015, Appellant filed the instant third PCRA petition, *pro se*. The court dismissed the petition on August 20, 2015, after proper notice pursuant to Pa.R.Crim.P. 907, and consideration of Appellant's response.

Appellant timely appealed. The PCRA court did not order a concise statement of errors pursuant to Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion, referencing its June 29, 2015 Memorandum and Notice of Intent to Dismiss. (*See* PCRA Court Rule 1925 Statement, 10/29/15); *see also* Pa.R.A.P. 1925(a).

Preliminarily, we observe that Appellant's brief is materially non-compliant with our Rules of Appellate Procedure. *See* Pa.R.A.P. 2101-2189. Most notably, Appellant has omitted from his brief a Statement of the Questions Involved and virtually every other component required in an appellate brief, except a purported Summary of Argument.

> As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural

rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citations omitted).

We could quash this appeal on that basis alone. However, we note that the docket entries confirm that despite Appellant's apparent failure to serve a copy of his brief on the Commonwealth, through the initiative and helpfulness of the Clerk's Office, the Commonwealth received a copy of the brief, and was able to file a reply brief.[1]

Our standard and scope of review for the denial of a PCRA petition is well-settled.

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citations and internal quotation marks omitted).

Initially, we must determine whether Appellant's petition is untimely.

---

[1] The Commonwealth's motion to quash was based in part on the delay of receipt of Appellant's brief and attendant difficulty in filing a responsive reply. (***See*** Motion to Quash Appeal and Motion to Defer the Filing of a Brief for the Appellee, 1/28/16, at 1-4). The Commonwealth filed its brief, on March 21, 2016.

The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. ***Commonwealth v. Stokes***, 598 Pa. 574, 959 A.2d 306, 309 (2008). The question of whether a petition is timely raises a question of law. ***See Commonwealth v. Fahy***, 598 Pa. 584, 959 A.2d 312, 316 (2008). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. ***Commonwealth v. Colavita***, 606 Pa. 1, 993 A.2d 874, 886 (2010). An untimely petition renders this Court without jurisdiction to afford relief. ***Commonwealth v. Gandy***, 38 A.3d 899 (Pa. Super. 2012).

***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013).

Furthermore,

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). Statutory time restrictions are mandatory and jurisdictional in nature, and may not be altered or disregarded to reach the merits of the claims raised in the petition. ***Commonwealth v. Murray***, 562 Pa. 1, 4, 753 A.2d 201, 203 (2000) (holding court lacks jurisdiction to hear merits of PCRA claim where petition is filed in untimely manner and no exception to timeliness requirements is properly alleged and proved; timeliness requirements do not depend on nature of violations alleged). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). ***See Commonwealth v. Bretz***, 830 A.2d 1273 (Pa. Super. 2003); ***Commonwealth v. Vega***, 754 A.2d 714 (Pa. Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); ***Pollard***, *supra*.

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception. *Id.* *See also Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258 (1999) (stating petitioner's burden is to plead and prove exception applies when PCRA is untimely). The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be asserted within sixty (60) days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA is not filed within one year of the expiration of direct review, or not eligible for one of the exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

*Commonwealth v. Taylor*, 933 A.2d 1035, 1038-39 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008).

Here, Appellant's judgment of sentence became final on November 27, 2006, when the time period for him to file for a writ of *certiorari* with the

- 5 -

United States Supreme Court expired.[2]  Accordingly, Appellant had one year, until November 27, 2007, to file a timely PCRA petition.  Therefore, his *pro se* third petition, filed on April 1, 2015, over seven years and four months later, is untimely on its face, unless he pleads and proves one of the three statutory exceptions to the time bar.

Appellant does neither.  At best, liberally construed, Appellant presents a claim of ineffectiveness of counsel.  (**See** Appellant's Brief, at unnumbered pages 1-2).  This does not present a statutory exception to the time bar. Our Supreme Court has repeatedly held that a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.  **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (citing **Commonwealth v. Peterkin**, 722 A.2d 638, 643 n.5 (Pa. 1998)).

Appellant raises no other cognizable exceptions to the time bar. Appellant's petition is untimely, with none of the statutory exceptions to the timebar pleaded or proven.  The PCRA court properly dismissed it.

_____

[2] **See** United States Supreme Court Rule 13, which provides in relevant part:

> A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

U.S. Sup. Ct. R. 13(1).

Order affirmed.  Motion to quash denied as moot.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2016